UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
IN RE:

GARY R. SZEFLINSKI,

        DEBTOR.
------------------------------------------------------

CHAPTER   7

CASE NO.    09-23223

RE: Doc. I.D. No.  53

**BRIEF MEMORANDUM OF DECISION AND ORDER ON MOTION FOR DAMAGES
FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

On November 3, 2009 (hereafter, the "Petition Date"), Gary R. Szeflinski, the Debtor, commenced the captioned bankruptcy case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code.  On March 10, 2010, the Debtor filed a motion seeking monetary damages and other relief pursuant to Bankruptcy Code Section 362(k)(1) (hereafter, the "Motion"), Doc. I.D. No. 53. The Motion alleged a willful and deliberate violation of the automatic stay of Section 362(a) by Congress Street Condominium Association (hereafter, "CSCA") related to its post-Petition Date commencement of a civil action for the foreclosure of certain real property of the Debtor in the Superior Court for the State of Connecticut (hereafter, the "Foreclosure Action").[1] A  hearing (hereafter, the "Hearing") on the Motion was held on April 15, 2010, at which time the Court received the proffers and arguments of counsel for the Debtor and CSCA. The facts presented at the Hearing were largely undisputed.

---

[1] The Foreclosure Action targeted real property of the Debtor known as and located at 33-A Morris Street, Hartford, Connecticut, and is further evidenced in this matter by a copy of the Connecticut Superior Court docket attached as Exhibit C to the Motion.

Pursuant to Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as an automatic stay. The scope of the automatic stay is extremely broad. See Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir.1998) (citing legislative sources). Acts violative of the stay are void, and if "willful," provide a proper basis for the assessment of damages. 11 U.S.C § 362(k)(1). The statute governing sanctions for violations of Section 362(a) is 362(k)(1), which reads:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

A finding of maliciousness or bad faith is not necessary for the Court to impose Section 362(k)(1) sanctions. In re Crysen/Montenay Energy Co., 902 F.2d 1098, 1104 (2nd Cir. 1990). "A willful violation does not require a specific intent to violate the automatic stay." In re Bloom, 875 F.2d 224, 227 (9th Cir.1989). "[A]ny deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages." In re Crysen/Montenay Energy Co., supra at 1105. In order for the Court to impose actual damages, the offender must only 1) know of the automatic stay, and 2) take deliberate action against the debtor. Putnam v. Rymes Heating Oils, 167 B.R. 737, 740 (Bankr. D.N.H. 1994).

The imposition of this broad standard is so that the creditor will take precautions before attempting to collect against the debtor. It "encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an

automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations." <u>In re Crysen/Montenay</u>, <u>supra</u> at 1105.

Against this background of legal authority the Court now concludes that CSCA's commencement of the Foreclosure Action was willful and violative of the automatic stay of Section 362(a). In this regard, the Court rejects CSCA's Hearing assertions that the filing of the Foreclosure Action was "ministerial" and "certainly not willful . . . as [counsel for CSCA] has lots of foreclosures." CSCA's counsel admits his office received notice of the bankruptcy case and several letters from Debtor's counsel advising him of the existence of the automatic stay. Although the Court accepts CSCA's counsel's statement that these letters were filed by his office without his actually reading them, that argument is of no moment with respect to willfulness. However, the record does not support a finding that CSCA or its counsel acted maliciously or in bad faith. Accordingly, additional *punitive* damages are not warranted.

As a consequence of CSCA's willful violation of the automatic stay, the Debtor is entitled to declaratory relief as set forth hereafter, and actual damages, which the Court shall consider at a hearing scheduled herein.

In accordance with the above,

**IT IS HEREBY ORDERED** that the Foreclosure Action is declared **VOID**; and

**IT IS FURTHER ORDERED** that on or before May 3, 2010, counsel for the Debtor shall file with the Court, and serve on counsel for CSCA, an affidavit particularizing actual damages (including counsel fees and costs), and the basis therefore (including hours

expended and hourly rate(s)); and

**IT IS FURTHER ORDERED** that unless counsel reach an agreement as to the payment of actual damages, a further hearing to consider and assess damages as a result of the violation of stay found herein will be held before this Court on <u>Thursday, May 13, 2010 at 11:00 AM.</u>

Dated: April 20, 2010                                                                  BY THE COURT

                                                                      Albert S. Dabrowski
                                                                       United States Bankruptcy Judge