UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE: ) | CASE NO. 09-23223 |
| ) |  |
| GARY R. SZEFLINSKI, ) | CHAPTER 7 |
| ) |  |
| DEBTOR ) | RE: ECF NOS. 59, 62 |

**BRIEF MEMORANDUM AND ORDER APPROVING IN PART
DAMAGES FOR CONGRESS STREET CONDOMINIUM ASSOCIATION'S WILLFUL
VIOLATION OF THE AUTOMATIC STAY**

DABROWSKI, ALBERT S., United States Bankruptcy Judge

On November 3, 2009 (hereafter, the "Petition Date"), Gary R. Szeflinski, the Debtor, commenced the captioned bankruptcy case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code. On March 10, 2010, the Debtor filed a motion seeking monetary damages and other relief pursuant to Bankruptcy Code Section 362(k)(1) (hereafter, the "Motion"), ECF No. 53. The Motion alleged a willful and deliberate violation of the automatic stay of Section 362(a) by Congress Street Condominium Association (hereafter, "CSCA") related to its post-Petition Date commencement of a civil action for the foreclosure of certain real property of the Debtor in the Superior Court for the State of Connecticut (hereafter, the "Foreclosure Action").[1] A hearing (hereafter, the "Hearing") on the Motion was held on April 15, 2010, at which time the Court received the proffers and arguments of counsel for the Debtor and CSCA. The facts presented at the

---

[1]The Foreclosure Action targeted real property of the Debtor known as and located at 33-A Morris Street, Hartford, Connecticut, and is further evidenced in this matter by a copy of the Connecticut Superior Court docket attached as Exhibit C to the Motion.

Hearing were largely undisputed.

On April 20, 2010, the Court resolved the Motion, in part, by issuing a memorandum and order captioned *Brief Memorandum of Decision and Order on Motion for Damages for Willful Violation of the Automatic Stay* (hereafter, the "Stay Violation Order"), ECF No. 59. In the Stay Violation Order, the Court concluded, *inter alia*, that "CSCA's commencement of the Foreclosure Action was willful and violative of the automatic stay of Section 362(a)," but "the record [did] not support a finding that CSCA or its counsel acted maliciously or in bad faith". *Id*. at 3. Consequently, the Court awarded declaratory relief as well as actual damages pursuant to Bankruptcy Code Section 362(k)[2], but declined to award additional punitive damages therein. With respect to actual damages, the Court ordered Attorney Schwartz, Counsel for the Debtor, to file with the Court "an affidavit particularizing actual damages (including counsel fees and costs), and the basis therefore (including hours expended and hourly rate(s))," and set a further hearing thereon (hereafter, the "Actual Damages Hearing") for May 13, 2010, to be held in the absence of agreement by the parties as to the actual damages. *Stay Violation Order* at 3-4.

Per the Court's order, Attorney Schwartz filed the *Affidavit of Attorney's Fees*

---

[2]11 U.S.C. § 362 provides, in pertinent part, as follows:
   (k)
      (1) Except as provided in paragraph (2), *an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages*.

      (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

(emphasis added).

(hereafter, the "Affidavit"), ECF No. 62, on May 3, 2010, wherein he lists, in paragraph 4, various expenditures in unnumbered subparagraphs. The Actual Damages Hearing was subsequently continued from May 13, 2010 to May 27, 2010. On May 27, 2010, the Court was informed by the parties that an agreement could not be reached as to the amount of actual damages. After hearing argument from each party, the Court took the present matter under advisement.

Having examined the Affidavit in connection with the records of this proceeding, and having considered the reasonableness of each listed expenditure under the lodestar calculus identified by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983), as well as the considerations which merit upward or downward adjustments articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)(the "*Johnson* factors"); see also *Emerald Investments, LLC v. Porter Bridge Loan Co.*, 2007 WL 1834507 at *4 (D.Conn., June 25, 2007)(discussing lodestar method and *Johnson* factors in context of CUTPA), the Court determines the following attorneys fees and expenses listed in the Affidavit in connection with the award of actual damages for the willful violation of stay:

    4-1.    "Review summons and complaint served upon client for foreclosure for condominium association common fees and discussion regarding matter with client (1/13/2010)(No Charge)" - **APPROVED**;

    4-2.    "Draft, review and revise letter to attorney Gould as regards condo foreclosure and violation of stay (1/13/2010)(No Charge)" - **APPROVED**;

    4-3.    "Review Superior Court records regarding filing of the summons and complaint with the clerk's office; draft, review and revise letter to attorney Gould respecting violation of stay and request to withdraw on account of bankruptcy (2/10/2010)(.4)" - **APPROVED**;

4-4. "Review Motion for Relief from Stay filed by condominium association; discuss matter with client; research status of foreclosure with Superior Court Clerk docket (2/22/2010)(.3)" - **DISAPPROVED**[3];

4-5. "Research automatic stay provisions, penalties for violation of same, motion for contempt regarding willful violation of stay, procedure for presenting to Court, at New Britain Superior Court library (2/22/2010)(1.0)" - **APPROVED**;

4-6. "Travel (2/22/2010) (20 m @ .55 = $11.00)" - **APPROVED**;

4-7. "Courthouse Parking (2/22/2010) ($4.00)" - **APPROVED**;

4-8. "Prepare, draft, review and revise Objection to Motion for Relief from Automatic Stay; Prepare, review and revise Motion for Order to Show Cause re sanctions for violation of stay; finalize same and file with the Court Clerk (3/10/2010) (4.2)" - **APPROVED IN PART** with respect to 2.1 hours[4];

4-9. "Postage (3/10/2010) ($3.15)" - **APPROVED**;

4-10. "Attendance at Bankruptcy Court re hearing on motion for relief from stay objection; discuss same with client (3/11/2010) (2.0)" - **DISALLOWED**[5];

4-11. "Travel (3/11/2010) (10 @ .55 = $5.50)" - **DISALLOWED**[6];

4-12. "Courthouse Parking ($1.60)" - **DISALLOWED**[7];

4-13. "Copies (3/19/2010) (60 @ .15 = 9.00)" - **DISALLOWED**[8];

---

[3] It appears to the Court that this time would have been expended notwithstanding the willful violation of stay, and as such, the fees resulting therefrom are not appropriate to the actual damages calculus.

[4] It appears to the Court that the time expended on the Objection to Motion for Relief from Automatic Stay would have been expended notwithstanding the willful violation of stay, and as such, the fees resulting therefrom are not appropriate to the actual damages calculus. The Court bifurcates the requested amount. allotting 2.1 hours to the Objection to the Motion for Relief from Stay and 2.1 hours to the Motion for Order to Show Cause, and approves the expenditure of 2.1 hours in connection with the Motion for Order to Show Cause.

[5] It appears to the Court that this expenditure is in connection with the motion for relief from stay and not in connection with the willful violation of stay.

[6] *Id.*

[7] *Id.*

[8] The request fails to particularize the documents copied and/or the necessity for such in connection with the willful violation of stay.

4-14. "Postage (3/19/2010) ($3.46)" - **DISALLOWED**[9];

4-15. "Prepare for and attend court hearing on motion for relief from stay and re motion for order to show cause (4/15/2010) (2.5)" - **APPROVED IN PART** with respect to 1.25 hours[10];

4-16. "Courthouse Parking (4/15/2010) ($2.00)" - **APPROVED**.

**WHEREFORE,** based on the foregoing, and upon the Court's acceptance of Attorney Schwartz' hourly rate of $275 as reasonable in light of his background and experience as articulated to the Court, the Court approves, an award of "actual damages, including costs and attorneys' fees" resulting from a willful violation of the automatic stay in the total amount of $1,326.40 (calculated on the basis of fees for Attorney Schwartz in the amount of $1,306.25 (4.75 hours x $275), plus out of pocket expenses in the amount of $20.15, for a total of $1,326.40), in accordance with which:

**IT IS HEREBY ORDERED** that Congress Street Condominium Association shall pay $1,326.40 in good funds to Attorney Schwartz on or before October 29, 2010.

Dated: October 14, 2010                                    BY THE COURT



Albert S. Dabrowski
United States Bankruptcy Judge

---

[9] The request fails to particularize the postage and/or the necessity for such in connection with the willful violation of stay, and the Court is unable to discern the purpose for the postage based upon the affidavit and attached exhibits.

[10] It appears to the Court that the time expended on the Objection to Motion for Relief from Automatic Stay would have been expended notwithstanding the willful violation of the stay, and as such, the fees resulting therefrom are not appropriate to the actual damages calculus. The Court bifurcates the requested amount. allotting 1.25 hours to the Objection to the Motion for Relief from Stay and 1.25 hours to the Motion for Order to Show Cause, and approves the expenditure of 1.25 hours in connection with the Motion for Order to Show Cause.